```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MERCK SHARP & DOHME CORP.,**

        **Plaintiff,**

**v.**                        **CIVIL ACTION NO. 1:19CV101**
                                     **(Judge Keeley)**

**MYLAN PHARMACEUTICALS INC.,**

        **Defendants.**

**ORDER GRANTING MOTIONS TO SEAL [DKT. NOS. 174, 177, 178]**

Following the bench trial in this case, the Court entered a briefing schedule (Dkt. No. 164). Both parties have moved to file certain post-trial briefs under seal. Specifically, the plaintiff, Merck Sharp & Dohme Corporation ("Merck") moved to file its opening post-trial brief under seal on January 28, 2022 (Dkt. No. 174); the defendant, Mylan Pharmaceuticals Inc. ("Mylan"), moved to file its responsive post-trial brief under seal on February 25, 2022 (Dkt. No. 177); and Merck moved to file its reply post-trial brief under seal on March 18, 2022 (Dkt. No. 178). According to the parties, these briefs contain information from Mylan's ANDA specification that is not public and was disclosed pursuant to the protective order in this case.

Before sealing a filing, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific

Case 1:19-cv-00101-IMK   Document 180   Filed 04/05/22   Page 2 of 2 PageID #: 11218

**MERCK SHARPE & DOHME CORP. V. MYLAN PHARM. INC.**                    1:19CV101
**ORDER GRANTING MOTIONS TO SEAL [DKT. NOS. 174, 177, 178]**

reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the public has been provided with adequate notice and an opportunity to object to the parties' motions. And, upon review, the parties correctly assert their post-trial briefing contains information that is highly confidential and subject to the protective order in this case and that the public disclosure of this material would be harmful to Mylan. Therefore, less drastic alternatives would not reasonably protect the information from disclosure.

These designated documents contain information of a nature that is ordinarily sealed and is appropriate to be shielded from public access. Thus, the Court **GRANTS** the parties' motions to seal (Dkt. No. 174, 177, 178), and **DIRECTS** the clerk to file these documents and any attached exhibits under seal.

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Order and copies of the sealed filings to counsel of record by electronic means.

Dated: April 5, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE